FILED
2021 DEC 15 AM 10:07
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DP CREATIONS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>REBORN BABY MART, *et al.*,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Case No. 2:21-cv-00574-JNP<br><br>District Judge Jill N. Parrish |

On December 15, 2021, the court held a hearing to determine whether to enter a preliminary injunction in this matter. Prior to the hearing, Plaintiff DP Creations, LLC d/b/a Bountiful Baby ("Bountiful Baby" or "Plaintiff") moved to convert the existing temporary restraining orders into a preliminary injunction under Federal Rule of Civil Procedure 65(a). ECF No. 35. Having considered the briefing and the arguments raised at the hearing, the court GRANTS the motion for the following reasons.

## BACKGROUND

Bountiful Baby is a Utah limited liability company with its principal place of business at 2140 South 3600 West, West Valley City, Utah. Bountiful Baby does business in the District of Utah, has numerous employees and customers in the District of Utah, and has allegedly suffered injury in the District of Utah.

This lawsuit names as defendants five unknown Chinese entities (Reborn Baby Mart, Reborn Box, Reborn Baby Stores, Love Reborn Dolls, and Reborn Dolls Shop) and four entities

with various connections to the unknown Chinese entities (Nine9Light Company, LTD Information Technology Co., Ltd., Jozzby Group, Inc., and AIMARK Ltd.) (collectively, "Defendants"). The Defendants operate websites, accept PayPal payments, and correspond with customers through email.[1]

Bountiful Baby specializes in selling kits and supplies for making "reborn dolls." Reborn dolls are intended to be indistinguishable from a real baby, and Bountiful Baby's dolls are particularly known for their uncanny realism. Bountiful Baby alleges that Defendants sell counterfeit Bountiful Baby products on their websites and mislead consumers by using Bountiful Baby's copyrighted images and trademarks. Bountiful Baby alleges copyright infringement, unfair competition, and common law trademark infringement.

On November 22, 2021, the court entered a Temporary Restraining Order and Asset Freeze in this matter, which went into effect the same day at 9:00 a.m. and was set to expire

---

[1] Defendant Reborn Baby Mart operates www.RebornBabyMart.com, accepts PayPal payment through englandearthwards32@gmail.com, and corresponds with customers through cs@rebornbabymart.com. Defendant Reborn Box operates www.RebornBox.com and corresponds with customers through service@rebornbox.com. Defendant Reborn Baby Stores operates www.RebornBabyStores.com and corresponds with customers through service@rebornbabystores.com. Defendant Love Reborn Dolls operates www.LoveReborn Dolls.com and corresponds with customers through services@lovereborndolls.com. All four aforementioned entities accept PayPal payments at sdh15168294305@gmail.com. Defendant Reborn Dolls Shop operates www.RebornDollsShop.com, accepts PayPal payment at jonesjere1000@gmail.com, and corresponds with customers through service@reborndollsshop.com.

Plaintiff also lists four business organizations associated with the aforementioned entities. Defendant Jozzby is associated with Reborn Baby Mart and Reborn Dolls Shop, accepts PayPal payments through sdh15168294305@gmail.com, and corresponds with customers through cs@rebornbabymart.com. Defendant AIMARK is associated with Reborn Baby Stores and Love Reborn Dolls, accepts PayPal payments through sdh15168294305@gmail.com and jonesjere1000@gmail.com, and corresponds with customers through service@reborndollsshop.com and service@reborndollsshop.com. Defendant Nine9Light Company accepts PayPal payments at sdh15168294305@gmail.com for products sold by Reborn Box, Reborn Baby Mary, and Reborn Stores. Defendant LTD Information Technology Company accepts PayPal payments at jonesjere1000@gmail.com for products sold by Reborn Dolls Shop.

fourteen days later, on December 6, 2021. ECF No. 7. On December 2, 2021, the court issued a supplemental TRO, freezing assets in bank accounts associated with Defendants' PayPal accounts. ECF No. 24. On December 6, 2021, the court held a hearing on the two TROs. All parties received notice of the hearing. Only counsel for Bountiful Baby appeared. The court elected to extend the TROs for ten days, through December 16, 2021. ECF No. 25. On December 15, 2021, the court held a hearing to determine whether it should enter a preliminary injunction upon expiration of the extended TRO. Again, all parties received notice, but only counsel for Bountiful Baby was in attendance. In sum, Defendants did not respond to Bountiful Baby's motion, appear at any of the noticed hearings, or otherwise contact the court.

## PERSONAL JURISDICTION

Before a district court may issue a preliminary injunction, it must determine whether "there is a reasonabl[e] probability that it has personal jurisdiction over" the defendant. *Sebo Am., LLC v. Azar*, No. 20-cv-03015, 2021 U.S. Dist. LEXIS 34245, at *6 (D. Colo. Feb. 24, 2021) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 19 F. App'x 815, 822 (10th Cir. 2001)). The court finds that there is a reasonable probability that it has personal jurisdiction over Defendants.

At the pleadings stage, a plaintiff need only establish a prima facie showing of personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Bountiful Baby alleges that the court has personal jurisdiction over each defendant because they committed copyright infringement in Utah, targeted Bountiful Baby in Utah, and placed infringing products into the stream of commerce with the knowledge the products would reach Utah. To support their argument, Bountiful Baby contends that the checkout pages on

3

Defendants' websites include dropdown menus listing Utah as a location to which product orders may be shipped or sold.

The inclusion of Utah in the dropdown lists of states "is sufficient to establish specific personal jurisdiction under the 'stream of commerce' theory and that the Defendants' site[s are] 'something more' than a non-targeted transaction site." *Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-287, 2020 WL 9601834, at *1 (D. Utah May 5, 2020) (quoting *Zing Brothers, LLC v. Bevstar, LLC*, No. 2:11-cv-337, 2011 WL 4901321, at *2-3 (D. Utah Oct. 14, 2011)). Additionally, given the Defendants' minimum contacts, the court finds that the exercise of personal jurisdiction over the Defendants satisfies due process and does not offend the traditional notions of substantial justice and fair play. Accordingly, Bountiful Baby makes a sufficient showing of personal jurisdiction for this stage of the proceedings.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) "authorizes district courts to issue preliminary injunctions." *Coalition of Concerned Citizens v. Fed. Transit Admin. of U.S. Dep't of Transp.*, 843 F.3d 886, 901 (10th Cir. 2016) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief.'" *Northglenn Gunther Toody's, LLC v. HQ8-10410-10450 Melody Lane LLC*, 702 F. App'x 702, 706 (10th Cir. 2017) (quoting *Winter*, 555 U.S. at 22). "A party seeking a preliminary injunction must prove that all four of the equitable factors weigh in its favor: specifically, prove that '(1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction

would not be adverse to the public interest.'" *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013) (unpublished) (citation omitted).

"In addition, the following types of preliminary injunctions are disfavored and they require that the movant satisfy an even heavier burden" of demonstrating that the four factors above weigh in the movant's favor: "(1) a preliminary injunction that disturbs the status quo; (2) a preliminary injunction that is mandatory as opposed to prohibitory; and (3) a preliminary injunction that affords the movant substantially all the relief he may recover at the conclusion of a full trial on the merits." *SCFC ILC, Inc. v. VISA USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991), *overruled on other grounds by O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro*, 389 F.3d at 975. Bountiful Baby is subject to this "heavier burden" because a preliminary injunction would disturb the status quo and afford Bountiful Baby substantially all of the relief that it may recover after a full trial on the merits. But even with this "heavier burden," the court finds that Bountiful Baby has met the requirements for a preliminary injunction.

ANALYSIS

I.  LIKELIHOOD OF SUCCESS ON THE MERITS OF THE COPYRIGHT INFRINGMENT CLAIM

"'[T]he very purpose of an injunction under Rule 65(a) is to give temporary relief based on a preliminary estimate of the strength of the plaintiff's suit, prior to the resolution at trial of the factual disputes and difficulties presented by the case.' Therefore, 'a plaintiff must present a prima facie case but need not show a certainty of winning.'" *Kodiak Cakes LLC v. Cont'l Mills, Inc.*, 358 F. Supp. 3d 1219, 1226 (D. Utah 2019) (citations omitted); *see also Planned Parenthood*

*Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016) (citations omitted). To succeed on a copyright infringement claim, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014).

Bountiful Baby rests its argument for this prong on its copyright infringement claims. To succeed on a copyright infringement claim, a plaintiff must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014). Bountiful Baby provided proof of ownership of U.S. Copyright Registration Nos. VA0002231276, VA0002255282, and VA0002255449. ECF Nos. 1-40, 1-41, 1-42. And Bountiful Baby submits photos in its complaint that allegedly show that Defendants copied original constituent elements of its copyrighted materials by using copyrighted images and selling copyrighted doll sculptures. ECF No. 1 at 11-34. Based on these allegations, the court finds that Bountiful Baby is likely to succeed on the merits of its copyright infringement claims.

In addition to copyright infringement, Bountiful Baby also sues Defendants for unfair competition and trademark infringement. Bountiful Baby only argues that it is likely to succeed on the merits of the copyright infringement claim. But "[w]here a plaintiff seeks a preliminary injunction and asserts multiple claims upon which the relief may be granted, the plaintiff need only establish a likelihood of success on the merits of one of the claims." *Roda Drilling Co. v. Siegal*, No. 07-cv-400-GFK-FHM, 2008 WL 4056229, at *5 (N.D. Okla. Aug. 11, 2008) (citation omitted); *see also Girls Clubs of Am., Inc. v. Boys Clubs of Am., Inc*, 683 F. Supp. 50, 52

(S.D.N.Y.), *aff'd,* 859 F.2d 148 (2d Cir. 1988). Because the court finds that Bountiful Baby is likely to succeed on the merits of its copyright infringement claim, Plaintiff need not also argue that it would succeed on the merits of its unfair competition and trademark infringement claims.

## II. IMMEDIATE AND IRREPARABLE INJURY

"The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance. The movant must demonstrate a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." *Kodiak Cakes*, 358 F. Supp. 3d at 1236 (citations omitted). A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) (citation omitted). The "loss of reputation, good will, marketing potential," and customers constitutes irreparable injury. *See id.* at 1156-57; *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1264 (10th Cir. 2004) ("[T]he irreparable harm findings are based on such factors as the difficulty in calculating damages, the loss of a unique product, and existence of intangible harms such as loss of goodwill or competitive market position."); *Limitless Worldwide, LLC v. AdvoCare Int'l, LP*, 926 F. Supp. 2d 1248, 1254 (D. Utah 2013) ("Loss of customers, loss of goodwill, and threats to a business' viability have been found to constitute irreparable harm.").

Bountiful Baby alleges that Defendants use copyrighted images identical to copyrighted images owned and used by Bountiful Baby on their websites. Bountiful Baby further contends that Defendants use their websites to sell copyrighted baby sculptures identical to the copyrighted sculptures owned and sold by Bountiful Baby. Bountiful Baby claims that

7

Defendants' use of its copyrighted images and sale of its copyrighted dolls are already causing immediate and irreparable injury to Bountiful Baby. The court agrees.

First, Bountiful Baby provides evidence of the negative reviews of Defendants' products online. ECF No. 3-1, at 5. Bountiful Baby asserts that customers who purchase products through the allegedly counterfeit websites and who do not realize the difference between authentic, copyrighted Bountiful Baby products and the counterfeit products may fault Bountiful Baby when they receive poor-quality products. Second, Bountiful Baby alleges that Defendants' continued advertising and sale of its allegedly counterfeit products will continue to cause irreparable harm to Bountiful Baby as Defendants continue to confuse and deceive consumers as to the origin and quality of the product, thus causing consumers to associate Defendants' poor-quality products with Bountiful Baby.

Therefore, the court finds that Bountiful Baby is suffering and will suffer irreparable harm in the form of a tarnished reputation, a decrease in market share and goodwill, and a loss of customers who are upset about the poor-quality product they received.

### III. BALANCE OF HARMS

Moreover, the balance of harms tips in favor of Bountiful Baby. "[W]hen the case for infringement is clear, a defendant cannot avoid a preliminary injunction by claiming harm to a business built upon that infringement." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1229 (10th Cir. 2007). Here, because Defendants' businesses allegedly sell counterfeit products using Bountiful Baby copyrighted images and product designs, the court finds that Defendants cannot avoid a TRO based on harm to its business. Thus, there is no cognizable likelihood of harm to Defendants. *See Klein-Becker USA, LLC v. Tahini*, No. 2:07-cv-521, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) ("Producing and selling counterfeit goods is

illegal. There can be no cognizable harm to the Defendants by the issuance of an order requiring them not to break the law.").

## IV.  PUBLIC INTEREST

Finally, Bountiful Baby "must also demonstrate that issuance of the preliminary injunction is not adverse to the public interest." *See Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 357 (10th Cir. 1986). "In copyright cases . . . this factor normally weighs in favor of the issuance of an injunction because the public interest is the interest in upholding copyright protections." *Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).

Here, Bountiful Baby offered evidence of copyright infringement. Because copyright infringement inherently harms the public interest, an injunction necessarily serves the public interest.

## V.  ASSET FREEZE

As part of its motion for a preliminary injunction, Bountiful Baby seeks a continued freeze of Defendants' assets to preserve its right to an accounting. "[A] court has the power to issue a preliminary injunction in order to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies. *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (citation omitted). "A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Klein-Becker USA, LLC v. Tahini*, No. 2:07-cv-00521-DB, 2008 WL 11340043, at *3 (D. Utah Aug. 15, 2008) (quoting *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995)). "A party seeking an asset freeze must show a

likelihood of dissipation of the claimed assets, or other inability to recover monetary damages, if relief is not granted." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009).

Bountiful Baby produced evidence that Defendants use PayPal accounts to process payments for consumer purchases of the products at issue. Bountiful Baby alleges that PayPal processes credit card or electronic transfer payments from consumers, which are directed to Defendants' PayPal accounts. PayPal, Plaintiff alleges, then forwards the payments to Defendants' accounts in China via accounts at American banks. Without an asset freeze, Bountiful Baby argues, Defendants will continue to engage in and profit from their allegedly counterfeit scheme. *See Klein*, 2008 WL 11340043, at *4 ("[T]he court is justified in freezing Defendants' assets not only to protect them for possible future attachment, but also to deprive Defendants of capital to continue their counterfeiting operations.").

The court finds that Bountiful Baby's allegation that Defendants will move their assets beyond this court's jurisdiction justifies the requested asset freeze. The court further finds that Federal Rules of Civil Procedures 65(d)(2)(C) grants the court authority to bind any participants in processing the allegedly counterfeit sales, such as PayPal, Community Federal Savings Bank and Deutsche Bank. *See* FED. R. CIV. P. 65(d)(2)(C) (noting that injunctions may bind "other persons who are in active concert or participation with [the party subject to the injunction]"). Thus, to preserve Bountiful Baby's right to an accounting and ensure the availability of permanent relief, the extends the freeze on Defendants' assets.

\*   \*   \*

In conclusion, the court GRANTS Bountiful Baby's motion to convert the temporary restraining order to a preliminary injunction. The court shall file the accompanying preliminary injunction on the docket.

DATED December 15, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge